UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:21-cv-263-GW (SK) | Date | March 19, 2021 |
|---|---|---|---|
| Title | Nyerere Deshon Jase v. Trimble, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Erica Valencia | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is an inmate at the Twin Towers Correctional Facility seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against the Los Angeles County Jail and a correctional officer named Deputy Trimble. (ECF 1). The Court must screen Plaintiff's complaint to determine whether it plausibly states a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that Deputy Trimble violated his Eighth Amendment rights by denying him outdoor recreation and other similar privileges for just over three months. (ECF 1 at 5-6). As a result, Plaintiff alleges he suffered "trauma," "neglect," and other unspecified mental injuries. (*Id*. at 5). But Plaintiff cannot recover compensatory damages in a civil action for mental or emotional injury alone; he must allege—and then prove—that he was physically injured first. *See* 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). So mental injury caused by the mere denial of outdoor recreational or other prison activities outside his jail cell is insufficient to state an Eighth Amendment claim.

Plaintiff also alleges, however, that Deputy Trimble used excessive force in July 2020 while escorting him back to his cell. (ECF 1 at 8-9). But while "42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant," it "must be more than *de minimis*." *Oliver*, 289 F.3d at 627. Plaintiff's allegations here reveal nothing more than *de minimis* injuries: he says Deputy Trimble grabbed and squeezed his arm, pushed him into his cell, and almost caused him to fall. (ECF 1 at 8). As a result, Plaintiff says he received pain pills and muscle rub for unspecified injuries. (*Id*. at 9). These allegations add up only to *de minimis* use of force. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[Not] every malevolent touch by a prison guard gives rise to a federal cause of action."); *Meredith v. State of Ariz.*, 523 F.2d 481, 483 (9th Cir. 1975) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-263-GW (SK) | Date | March 19, 2021 |
|---|---|---|---|
| Title | Nyerere Deshon Jase v. Trimble, et al. | | |

*Lyons v. Leonhardt*, 407 Fed. App'x 162, 165 (9th Cir. 2010) (correctional officers did not use excessive force by tightly applying handcuffs on prisoner and forcibly relocating him to a different room).

    Finally, Plaintiff alleges that Deputy Trimble has been verbally harassing him and behaving rudely and unprofessionally. (ECF 1 at 3, 5-10). He cites, as an example, an incident when Deputy Trimble threw away his canteen purchase sheets. (*Id.* at 10). But "verbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Nor is there any constitutional right to canteen items. *See id.* Of course, none of this is to suggest that Deputy Trimble should be commended if Plaintiff's allegations are true. In fact, his actions may deserve moral condemnation. But that does not mean Plaintiff can allege an actionable claim for these actions under § 1983.

    As for Plaintiff's claim against the County, he alleges that the jail's failure to process his grievances—presumably about Deputy Trimble—violated his Fourteenth Amendment rights. (ECF 1 at 3, 9-10). He claims that jail officials either did not respond or told him that they needed more time to investigate. (*Id.* at 3, 6-7, 9-10). Again, if true, these actions may require correction by prison administrators. But "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). So even if Plaintiff's allegations about the delays and other difficulties in the jail's grievance process are true, that does not mean he can state a federal due process claim under § 1983. *See Evans v. Skolnik*, 637 Fed. App'x 285, 288 (9th Cir. 2015) ("An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983."). Moreover, to sue the County for any constitutional violation, Plaintiff must allege facts plausibly showing that a municipal policy, practice, or custom was the cause of his constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Yet he has alleged no such facts here.

    For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **April 19, 2021** why his in forma pauperis application should not be denied and his complaint dismissed for failure to state a claim on which relief may be granted. Plaintiff may file either an amended complaint that cures the deficiencies described in this order or a response to this order explaining why it is wrong. If Plaintiff cannot cure the deficiencies outlined in this order, however, or if Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached form CV-09. <u>Prisoner complaints that are voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which limits the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.</u>

    **If Plaintiff files no notice of voluntary dismissal, amended complaint, or timely response to this order, this action may be involuntarily dismissed for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.